UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00050-JRS-TAB |
| | ) | |
| MORRIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Aaron Smith is a prisoner of the Indiana Department of Correction. He brings this lawsuit against prison officials for failing to protect him from an attack by a fellow inmate. The defendants have moved for summary judgment on the basis that Mr. Smith failed to exhaust his available administrative remedies before filing suit.

The defendants argue that Mr. Smith failed to seek a department-level appeal of his formal grievance and that this lawsuit must be dismissed. Mr. Smith has submitted a sworn affidavit stating that he did submit a department-level appeal. He has also submitted Request for Interview forms, which he sent to prison officials before he filed suit, indicating that he had not received a timely response to his department-level appeal. One of these forms includes a response from the Warden's Designee indicating that he received copies of Mr. Smith's grievance documents and that his department-level appeal would be moving forward. This evidence precludes summary judgment for the defendants. Accordingly, the defendants' motion for summary judgment is **DENIED**.

The defendants have through **April 12, 2022**, to request a *Pavey* hearing. Failure to meet this deadline will be viewed as a withdrawal of the exhaustion defense.

## I. SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. BACKGROUND

### A. Eighth Amendment Claims

The complaint makes the following allegations. On September 29, 2020, defendant Officer Johnson was transporting Mr. Smith to the showers. Officer Johnson and defendant Sgt. Morris both knew there was a substantial risk that Mr. Smith would be assaulted by offender Devon Brown on his way to the showers but failed to make reasonable efforts to protect him from that risk. They specifically failed to take Mr. Smith through a back door that would have eliminated the risk of assault. When Officer Johnson and Mr. Smith passed Mr. Brown's cell, Mr. Brown assaulted Mr. Smith with feces and urine. *See* dkt. 1 (complaint); dkt. 9 (screening order).

### B. The Grievance Process

The Indiana Department of Correction ("IDOC") maintains an offender grievance process. During the time relevant to the complaint, the grievance process had four steps. First, the inmate had to attempt to informally resolve the issue. Second, the inmate had to submit a formal grievance. Third, the inmate had to submit a facility-level appeal. Fourth, the inmate had to submit a department-level appeal. Dkt. 21-1, para. 11; dkt. 21-2, p. 3.

In order to submit a department-level appeal, the inmate had to sign and check the "Disagree" box on the facility-level appeal response form. Dkt. 21-2, p. 13. The inmate then had to submit the form to the Offender Grievance Specialist within five business days of receiving the facility-level appeal response. *Id.* The Department Offender Grievance Manager then had ten business days to review and respond to the department-level appeal. *Id.* The Department Offender Grievance Manager could obtain an extension of time of up to ten business days to complete the response. *Id.* Once the response was completed, it had to be returned to the Offender Grievance Specialist electronically. *Id.* The Offender Grievance Specialist then had to review the response, print a copy of the response, and ensure that the inmate received a copy of the response within five business days. *Id.* at 13-14.

### C. Mr. Smith's Grievance History

Mr. Smith submitted a formal grievance and a facility-level appeal. *See* dkt. 21-1, paras. 28-29; dkt. 21-4; dkt. 23, paras. 3-4. Mr. Smith received his facility-level appeal response on November 12, 2020. Dkt. 21-4, p. 1.

The parties dispute whether Mr. Smith filed a department-level appeal after receiving his facility-level appeal response. The defendants have submitted an affidavit from Offender Grievance Specialist Christina Conyers. Dkt. 21-1, para. 2. According to Ms. Conyers, IDOC

keeps records on every formal grievance and formal appeal initiated by an inmate. *Id.* at para. 25. Ms. Conyers states that she has reviewed Mr. Smith's grievance history and did not locate a department-level grievance appeal in his file. *Id.* at para. 30; *see also* dkt. 21-3, p. 1 (Mr. Smith's Grievance History Log).

Mr. Smith has submitted an affidavit, verified under penalty of perjury, stating that he did submit a timely department-level appeal. Dkt. 23, para. 5. When he did not receive a response within thirty business days, he sent a Request for Interview form to Ms. Conyers asking for the status of his department-level appeal, but she did not respond. *Id.* Mr. Smith has submitted a copy of this Request for Interview form in opposition to the motion for summary judgment. Dkt. 23-1, p. 1.

Mr. Smith states that he subsequently spoke about this issue with the Warden's Designee[1] on February 18, 2021. Dkt. 23, para. 6. The Warden's Designee told him to send him the grievance documents directly. Mr. Smith sent the Warden's Designee a Request for Interview form on February 24, 2021. Dkt. 23-1, p. 2 (Exhibit B). This form states:

> I spoke to you on 2-18-21 when you visited GCH. We spoke about my grievance and you said send it directly to you, which I did along with a "Request for Interview" form. I am writing you today to confirm that you received the grievance, request form inside the envelope addressed to you. The grievance is #118778. Can you please confirm and send a copy of original grievance sent to you? Please see remittance slip attached.

*Id.* (cleaned up). The Warden's Designee returned the Request for Interview form to Mr. Smith with the following response: "I received it and it is moving forward. I'll work on the copy as soon as I can." *Id.*

---

[1] The Warden's Designee is also named Aaron Smith. For clarity, all references in this Order to "Aaron Smith" or "Mr. Smith" refer to the plaintiff.

4

Mr. Smith has submitted a second Request for Interview form that he sent to the Warden's Designee. *See id.* (Exhibit C). The form is dated August 3, 2021, and states the following:

> I sent you a Request for Interview form dated 2-24-21, in which I discussed my grievance #118778. I asked that you process it because it was being blocked. Please see "Request for Interview" slip attached. You said you received it and it's moving forward. I sent you my level one and two grievance. Where are those grievances? As I understand, the grievance never made it to the Department Offender Grievance Manager after you possessed them. Where are my copies?

*Id.* (cleaned up).

### III. DISCUSSION

**A. Exhaustion Standard**

The Prison Litigation Reform ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e. The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). The PLRA does not require inmates to submit multiple grievances to report a continuing harm or issue. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Nor does the PLRA require inmates to submit separate grievances for every defendant ultimately sued. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the

5

plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

### B. Analysis

The uncontradicted evidence shows that Mr. Smith submitted a formal grievance and a facility-level appeal. The only question is whether he submitted a department-level appeal.

Mr. Smith has submitted an affidavit under penalty of perjury stating that he did submit a department-level appeal. He has also submitted Request for Interview forms, which he sent to prison officials requesting a status update about his department-level appeal when he did not receive a timely response. In response to one of these Request for Interview forms, the Warden's Designee sent Mr. Smith a response indicating that he had received Mr. Smith's grievance materials and that his department-level appeal would be moving forward.

This is sufficient to defeat the defendants' motion for summary judgment. Prison officials may not take unfair advantage of the PLRA's exhaustion requirement. *See Dole*, 438 F.3d at 809. A remedy becomes "'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.*; *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (holding that "in such cases, the prisoner is considered to have exhausted his administrative remedies").

Although the defendants have submitted an affidavit from Ms. Conyers stating that she could not locate a copy of Mr. Smith's department-level appeal, at summary judgment, the Court views the evidence in the light most favorable to the non-moving party. Thus, the Court accepts the facts as set forth in Mr. Smith's affidavit and Request for Interview forms, which indicate that

he submitted a department-level appeal, but that the department-level appeal was not processed by prison officials.

In their reply brief, the defendants have chosen to ignore the evidence Mr. Smith submitted in opposition to their summary judgment motion. The reply brief goes so far as to claim the following: "Plaintiff's response fails to cite to any evidence showing that he submitted a timely final-level grievance appeal in relation to Grievance Case Number 118778, which was denied by the facility's grievance specialist and again by the Warden/designee." Dkt. 30, p. 5.

Yet, the evidence before the Court indicates otherwise. Mr. Smith has submitted an affidavit under penalty of perjury stating that he did submit a department-level appeal and multiple Request for Interview forms asking to know the status of his department-level appeal, one of which includes a response from the Warden's Designee indicating that Mr. Smith's department-level appeal was moving forward. *See* dkt. 23, para. 5; dkt. 23-1, p. 2. Mr. Smith cited these materials in his memorandum in opposition to the motion for summary judgment and in his contemporaneously filed "Response in Opposition to Defendants' Motion for Summary Judgment." Dkt. 24, pp. 2, 4; dkt. 25, p. 2.

The motion for summary judgment is **DENIED**.

### IV. CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment is **DENIED**. The record before the Court shows that the plaintiff is entitled to summary judgment on the defendants' exhaustion defense. Pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's favor on this issue. The defendants have through **April 12, 2022**, to respond to the Court's proposal and request a hearing pursuant to *Pavey v. Conley*, 544 F.3d 608 (7th Cir. 2008). Alternatively, the defendants may withdraw their

7

exhaustion defense by that date. The failure to respond by this deadline will be interpreted by the Court as a withdrawal of the exhaustion defense.

    **IT IS SO ORDERED**.

Date: 3/28/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON SMITH
167146
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov